UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAULMICHEAL LEE KING,

  Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

  Defendant.

NO. C06-0389P

ORDER OF DISMISSAL

Plaintiff Paulmicheal Lee King, proceeding in forma pauperis, has filed a complaint and supplementary materials alleging violations of his civil liberties. (Dkt. No. 3). Having received and reviewed Plaintiff's complaint and all attached supplementary materials, the Court concludes that the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, Plaintiff names the United States of America as the defendant. Plaintiff states that he has filed this case "against The United States for the violation to my Civil Liberties, around The illegal use of Wire Tapping from The NSA and the illegal use of Telemedicine/Cybornetic's." Plaintiff seeks monetary relief in the amount of one billion dollars.

ORDER OF DISMISSAL - 1

1    Because Plaintiff is a pro se litigant, the Court construes his pleadings liberally. <u>McGuckin v.
2    Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992). Although Plaintiff does not indicate the law under which
3    his claim is brought, it appears that Plaintiff is attempting to maintain an action for damages due to
4    deprivation of federal constitutional rights, which is also known as a "<u>Bivens</u>" action. See <u>Bivens v.
5    Six Unknown Named Agents of Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971).

6    A <u>Bivens</u> action cannot be brought against the United States or its officers in their official
7    capacity. <u>Vaccaro v. Dobre,</u> 81 F.3d 854, 857 (9th Cir. 1996). Instead, <u>Bivens</u> actions can be
8    maintained only against federal agents in their individual capacities. <u>Id.</u> As a result, Plaintiff's claim
9    for monetary damages against the United States for alleged violations of his civil liberties is subject to
10   dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which this Court
11   may grant relief.

12   In addition, the United States has not waived its sovereign immunity from suit in actions
13   seeking monetary damages for constitutional violations. See <u>Thomas-Lazear v. FBI</u>, 851 F.2d 1202,
14   1207 (9th Cir. 1988). Therefore, Plaintiff's complaint is also subject to dismissal pursuant to 28
15   U.S.C. § 1915(e)(2)(B)(iii), which requires dismissal of cases seeking monetary relief against a
16   defendant who is immune from such relief.

17   It also appears from the materials attached to Plaintiff's complaint that he is alleging that he
18   has been a victim of "mind torture via satellite technology" operated by the United States. A
19   complaint may be subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if the
20   allegations "rise to the level of the irrational or wholly incredible." <u>Denton v. Hernandez</u>, 504 U.S. 25,
21   33 (1992). Although the Court does not doubt that Plaintiff's beliefs are sincere, these allegations rise
22   to the level of the wholly incredible and the complaint is therefore subject to dismissal under 28 U.S.C.
23   § 1915(e)(2)(B)(i).

24   Because it does not appear that the defects in Plaintiff's complaint may be cured by the
25   allegation of additional facts, the Court dismisses this action without leave to amend.

26   ORDER OF DISMISSAL - 2

1  The clerk is directed to provide copies of this order to Plaintiff.

2  Dated: May 18, 2006

3  .

4                               s/Marsha J. Pechman
                                 Marsha J. Pechman
5                               United States District Judge

ORDER OF DISMISSAL - 3